IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**WILMA LEE**                                                                                               **PLAINTIFF**

**VERSUS**                                              **CIVIL ACTION NO. 2:12cv17-KS-MTP**

**ABILITY INSURANCE COMPANY, et al.**                                      **DEFENDANTS**

## ORDER

This matter is before the Court on the Motion to Dismiss [11] of Defendants Ability Insurance Company, Ability Resources, Inc. and Ability Resources Holdings, Inc. (hereinafter collectively referred to as "Ability"), and the Motion to Stay Proceedings [16] of Plaintiff Wilma Lee ("Lee").  The Court finds that both Motions should be denied as moot due to the recent filing of Lee's Amended Complaint [15], and that the parties are to continue forward in this action as outlined below.

On July 16, 2012, Ability filed its Motion to Dismiss [11].  The Motion in large part challenges the sufficiency of the Complaint [1].  On August 1, 2012, Lee filed her Amended Complaint [15].[1]  The Amended Complaint contains several allegations that were not included in the original Complaint.  (*See* Amended Complaint [15] at ¶¶ 3, 22-24, 43, 45, 47-49.)  The Court finds that it would be impractical and unwise to proceed further on the Motion to Dismiss since it challenges the original Complaint [1], which is no longer the operative pleading. Therefore, the Motion to Dismiss [11] is denied as moot and Ability shall file its motion to dismiss or answer to the Amended Complaint

---

[1]  Lee was not required to seek leave to file the Amended Complaint since it was filed within twenty-one (21) days of service of the Motion to Dismiss.  *See* Fed. R. Civ. p. 15(a)(1)(B).

[15] within thirty (30) days of the entry of this Order.

Lee's Motion requests a stay of proceedings, including the briefing schedule on the Motion to Dismiss [11] "until such time as all necessary Defendants may be served." (Motion to Stay [16] at ¶ 1.)  Given the preceding ruling, a stay of the briefing schedule is no longer necessary.  The Court further finds that a stay of proceedings until all Defendants are served with process is unwarranted at this time.  The record reflects that Ability Reinsurance Limited and Ability Reinsurance Holdings Limited have not been served with process.  These two entities appear to be based in a foreign country, making the 120-day time limit for service under Federal Rule of Civil Procedure 4(m) inapplicable.  *See* Fed. R. Civ. P. 4(m) ("This subdivision (m) does not apply to service in a foreign country under Rule 4(f) or 4(j)(1).").  This action should not be delayed for an indefinite period of time while Lee attempts service on foreign entities.  If Ability files a motion to dismiss in response to the Amended Complaint and Lee needs time to respond beyond that prescribed by Uniform Local Rule 7(b)(4) and Federal Rule of Civil Procedure 6, the Court will consider Lee's request at that time.  Thus, the Motion to Stay is denied.

The Court also concludes that it should be kept advised of Lee's efforts to serve Ability Reinsurance Limited and Ability Reinsurance Holdings Limited with process.  Although Rule 4(m) may not limit the time for service on these entities, a district court may set a reasonable time limit of its own.  *See Nabulsi v. Nahyan*, No. H-06-2683, 2008 WL 1924235 at *6 (S.D. Tex. Apr. 29, 2008) (setting a 60-day time period for service on foreign individuals); *Mitchell v. Theriault*, 516 F. Supp. 2d 450, 458 (M.D. Pa. 2007) (setting a 120-day time limit for service on a foreign corporation).  Counsel for

Lee is to file a notice with this Court advising of the status of his efforts to serve Ability Reinsurance Limited and Ability Reinsurance Holdings Limited with process within thirty (30) days of the entry of this Order.  The Court may then, if necessary, set a reasonable time period for service of its own.

IT IS THEREFORE ORDERED AND ADJUDGED that the Motion to Dismiss [11] and Motion to Stay Proceedings [16] are denied as moot, and that Ability shall file its motion to dismiss or answer to the Amended Complaint [15] within thirty (30) days of the entry of this Order.

IT IS FURTHER ORDERED AND ADJUDGED that the Plaintiff is to file a notice with this Court advising of the status of her efforts to serve Ability Reinsurance Limited and Ability Reinsurance Holdings Limited with process within thirty (30) days of the entry of this Order.

SO ORDERED AND ADJUDGED this the 3rd day of August, 2012.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE