IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**WILMA LEE**   **PLAINTIFF**

**V.**   **CIVIL ACTION NO. 2:12-CV-17-KS-MTP**

**ABILITY INSURANCE COMPANY, et al.**   **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

For the reasons stated below, the Court **grants** the Motion to Dismiss [26] filed by Defendants Ability Insurance Company, Ability Resources, Inc., and Ability Resources Holdings, Inc. Plaintiff's claims against Ability Resources Holdings, Inc. are **dismissed without prejudice** pursuant to Rule 12(b)(2). Plaintiff's claims against Ability Resources, Inc. and Plaintiff's fraud claims against all Defendants are **dismissed without prejudice** pursuant to Rule 12(b)(6).

The Court also **grants** the Motion to Dismiss [31] filed by Defendants Ability Reinsurance (Bermuda) Limited and Ability Reinsurance Holdings Limited. Plaintiff's claims against them are **dismissed without prejudice** pursuant to Rule 12(b)(2).

## I. BACKGROUND

This is an insurance coverage dispute. Plaintiff purchased a long-term care insurance policy from a predecessor corporation of Defendant Ability Insurance Company. In July 2006, she began to draw benefits, but in June 2010, Ability terminated her benefits, claiming that she no longer qualified for coverage. She eventually filed this lawsuit, claiming that Ability wrongfully denied coverage. She asserted breach of contract, bad faith, and fraud claims against Ability and several

related corporations. Plaintiff contends that all of the Defendants are jointly liable as alter-egos of one another. The Defendants filed motions to dismiss, which the Court now addresses.

## II. MOTION TO DISMISS [26]

The Court will first consider the Motion to Dismiss [26] filed by Defendants Ability Insurance Company ("Ability"), Ability Resources, Inc. ("Ability Resources"), and Ability Resources Holdings, Inc. ("ARH"). Defendants first argue that the Court does not have personal jurisdiction over ARH. Next, Defendants argue that all of Plaintiff's claims against Ability Resources should be dismissed for failure to state a claim for which relief may be granted. Finally, Defendants argue that Plaintiff's fraud claims should be dismissed for failure to comply with Rule 9(b).

### A.     *Personal Jurisdiction (ARH)*

The party invoking the Court's jurisdiction "bears the burden of establishing jurisdiction but is required to present only *prima facie* evidence." *Pervasive Software, Inc. v. Lexware GMBH & Co. KG*, 688 F.3d 214, 219 (5th Cir. 2012). The Court must accept Plaintiff's undisputed allegations as true, and it must resolve all factual disputes in favor of jurisdiction. *Id.* at 219-20; *McFadin v. Gerber*, 587 F.3d 753, 758 (5th Cir. 2009). "A federal court may exercise personal jurisdiction over a nonresident defendant if (1) the forum state's long-arm statute confers personal jurisdiction over that defendant; and (2) the exercise of personal jurisdiction comports with the Due Process Clause of the Fourteenth Amendment." *McFadin*, 587 F.3d at 759.

Here, it is not necessary for the Court to proceed beyond the long-arm statute,

2

which provides:

> Any nonresident person, firm, general or limited partnership, or any foreign or other corporation not qualified under the Constitution and laws of this state as to doing business herein, who shall make a contract with a resident of this state to be performed in whole or in part by any party in this state, or who shall commit a tort in whole or in part in this state against a resident or nonresident of this state, or who shall do any business or perform any character of work or service in this state, shall by such act or acts be deemed to be doing business in Mississippi and shall thereby be subjected to the jurisdiction of the courts of this state.

MISS. CODE ANN. § 13-3-57. Plaintiff argues that jurisdiction over ARH is proper under each of the statute's three prongs.

### 1. Contract Prong

Jurisdiction is appropriate under the contract prong of the long-arm statute if ARH made "a contract with a resident of this state to be performed in whole or in part by any party in this state." *Id.* Plaintiff has not presented any evidence that ARH entered into a contract with a Mississippi resident, and it is undisputed that ARH was not a party to the insurance contract from which Plaintiff's claims arise. Ability issued the policy. Plaintiff argues, though, that Ability is an alter-ego of ARH, and that the Court should pierce the corporate veil and exercise jurisdiction over ARH.

"Mississippi case law generally favors maintaining corporate entities and avoiding attempts to pierce the corporate veil. The cardinal rule of corporate law is that a corporation possesses a legal existence separate and apart from that of its officers and shareholders . . . [,] whether such shareholders are individuals or corporations." *Canadian Nat'l Ry. Co. v. Waltman,* 94 So. 3d 1111, 1115 (Miss. 2012). Piercing the corporate veil to reach a parent or sibling corporation "is not lightly undertaken by

3

Case 2:12-cv-00017-KS-MTP   Document 49   Filed 06/10/13   Page 4 of 12

Mississippi courts." *Id.* The Court may only do so "in those extraordinary factual circumstances where to do otherwise would subvert the ends of justice," such as "where there is some abuse of the corporate form itself." *Id.* at 1116. The plaintiff must demonstrate something more than a shareholder using and controlling a corporation to promote its own ends. *Rosson v. McFarland*, 962 So. 2d 1279, at 1286 (Miss. 2007). Specifically, "the corporate entity will not be disregarded . . . unless the complaining party can demonstrate: (1) some frustration of expectations regarding the party to whom he looked for performance; (2) the flagrant disregard of corporate formalities by the defendant corporation and its principals; and (3) a demonstration of fraud or other equivalent misfeasance on the part of the corporate shareholder." *Waltman*, 94 So. 3d at 1115.

The bulk of Plaintiff's evidence is either irrelevant to the factors provided above or it pertains to corporate entities other than ARH. Only a few items are worth mentioning here. First, citing Ability's 2011 Annual Statement [31], Plaintiff argues that all of Ability's employees were transferred to ARH on January 1, 2011, demonstrating that all of the individuals who previously worked for Ability on Plaintiff's claim are now employed by ARH. Plaintiff also notes that the same individual, Donald Charsky, is the CEO of Ability, Ability Resources, and ARH. Finally, Plaintiff claims that Ability, Ability Resources, and ARH restructured to share costs among the affiliated companies.

Defendant has presented evidence and argument addressing each of these points, but it is not necessary for the Court to discuss them. Assuming that Plaintiff's

4

characterization of the evidence is accurate, there is still not sufficient evidence for the Court to pierce the corporate veil and consider Ability and ARH as a single entity. The evidence listed above does not demonstrate "flagrant disregard of corporate formalities," *Id.*, or "abuse of the corporate form itself." *Id.* at 1116. Plaintiff has simply not demonstrated the "extraordinary factual circumstances" necessary to pierce the corporate veil. *Id.* Therefore, Ability's issuance of a policy to a Mississippi resident does not provide jurisdiction over ARH, a separate corporate entity.

   2.   *Tort Prong*

Jurisdiction is proper under the tort prong of the long-arm statute "if any element of the tort (or any part of any element) takes place in Mississippi." *Paz v. Brush Engineered Materials, Inc.*, 445 F.3d 809, 812 (5th Cir. 2006); *see also Allred v. Moore & Peterson*, 117 F.3d 278, 282 (5th Cir. 1997). Plaintiff's tort allegations arise from the handling of her claim for benefits under an insurance policy issued by Ability. She has not presented any evidence – or even alleged – that ARH investigated, processed, handled, or had any involvement with her claim. As noted above, Plaintiff has not met the burden of proof for piercing the corporate veil, and the Court can not exercise jurisdiction over ARH based on torts allegedly committed by Ability.

   3.   *Doing Business Prong*

Jurisdiction is proper under the doing business prong of the long-arm statute if ARH did "any business or perform[ed] any character of work or service in this state." MISS. CODE ANN. § 13-3-57. Plaintiff did not allege or provide evidence that ARH has done business or performed work in Mississippi. Again, ARH is a separate entity from

5

Ability and Ability Resources, and Plaintiff has not provided sufficient evidence to pierce the corporate veil.

For all of the reasons stated above, the Court finds that Mississippi's long-arm statute does not provide jurisdiction over Defendant Ability Resources Holdings, Inc. Therefore, this Court does not have jurisdiction over it, and Defendants' motion to dismiss should be granted in that respect.

### B.   *Breach of Contract and Bad Faith (Ability Resources)*

Next, Defendants argue that Plaintiff failed to state any claim against Defendant Ability Resources for which relief may be granted. Plaintiff asserted the following claims: breach of contract, bad faith, and fraud. Plaintiff's fraud claims against all Defendants are discussed below. Here, the Court will only address Plaintiff's breach of contract and bad faith claims against Ability Resources.

"Motions to dismiss under Rule 12(b)(6) are viewed with disfavor and are rarely granted." *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009) (punctuation omitted). "To survive a Rule 12(b)(6) motion to dismiss, [a plaintiff's complaint] need only include a short and plain statement of the claim showing that the pleader is entitled to relief." *Hershey v. Energy Transfer Partners., L.P.*, 610 F.3d 239, 245 (5th Cir. 2010) (punctuation omitted). However, the "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Great Lakes Dredge & Dock Co. LLC v. La. State*, 624 F.3d 201, 210 (5th Cir. 2010) (punctuation omitted).

"To be plausible, the complaint's factual allegations must be enough to raise a

right to relief above the speculative level." *Id.* (punctuation omitted). "The complaint need not contain detailed factual allegations, but must state more than mere labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *PSKS, Inc. v. Leegin Creative Leather Prods., Inc.*, 615 F.3d 412, 417 (5th Cir. 2010) (punctuation omitted). When determining whether a plaintiff has stated a valid claim for relief, the Court must "accept all well-pleaded facts as true and construe the complaint in the light most favorable to the plaintiff." *Great Lakes Dredge & Dock Co. LLC*, 624 F.3d at 210. However, the Court will not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id.* Legal conclusions may provide "the complaint's framework, [but] they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 664, 129 S. Ct. 1937, 1940, 173 L. Ed. 2d 868 (2009). A plaintiff must provide more than "threadbare recitals of a cause of action's elements, supported by mere conclusory statements, which do not permit the court to infer more than the mere possibility of misconduct." *Hershey*, 610 F.3d at 246 (punctuation omitted).

    Plaintiff did not plead sufficient facts to make out plausible claims for breach of contract and bad faith against Ability Resources. She alleged that Ability, rather than Ability Resources, issued the insurance policy from which her breach of contract and bad faith claims arise. Although she argues that Ability is an alter-ego of Ability Resources, she did not plead sufficient facts to make out a viable alter-ego theory of liability. She merely provided a conclusory statement that the Defendants "are an association of entities acting together for the common purpose of engaging in the

business of long term care insurance and also act as the alter egos and/or agents of each other." This is plainly insufficient. *Iqbal*, 556 U.S. at 664 (legal conclusions must be supported by facts); *Hershey*, 610 F.3d at 246 (plaintiff must provide more than "threadbare recitals of a cause of action's elements" or "mere conclusory statements"). Accordingly, the Court dismisses Plaintiff's breach of contract and bad faith claims against Defendant Ability Resources, Inc.

## C.    *Fraud*

Defendants argue that Plaintiff failed to plead her fraud claims with enough particularity to satisfy Rule 9(b). "Rule 9(b) states that 'in alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.'" *Flaherty &. Crumrine Preferred Income Fund Inc. v. TXU Corp.*, 565 F.3d 200, 206-07 (5th Cir. 2009) (quoting FED. R. CIV. P. 9(b)). The Fifth Circuit interprets this rule "strictly, requiring the plaintiff to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Id.* at 207. Plaintiff's allegations do not satisfy Rule 9(b)'s standard, as Plaintiff failed to identify the speaker or state when the alleged statements were made. Therefore, the Court dismisses Plaintiff's fraud claims.

## D.    *Jurisdictional Discovery*

Plaintiff argues that the Court should allow her to conduct jurisdictional discovery related to Defendant ARH. This Court has broad discretion in all discovery matters. *Wyatt v. Kaplan*, 686 F.2d 276, 283 (5th Cir. 1982). "Discovery on matters of personal jurisdiction . . . need not be permitted unless the motion to dismiss raises

issues of fact. When the lack of personal jurisdiction is clear, discovery would serve no purpose and should not be permitted." *Id.* at 284. Likewise, discovery is not required "where the discovery sought could not have added any significant facts," *Id.*, or where the plaintiff fails to identify the relevant evidence she expects to uncover in discovery. *Moore v. Willis Indep. Sch. Dist.*, 233 F.3d 871, 876 (5th Cir. 2000).

Plaintiff has not identified any specific evidence that she believes discovery will uncover. She vaguely asserts that "discovery will show that Defendants operate as a unit and calculate their earnings as a unit." Her Second Amended Complaint contains no factual allegations supporting an alter-ego theory of liability, and the evidence she provided is negligible, at best – despite her access to extensive materials from Defendants' prior litigation. *See Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 277 (5th Cir. 2006) (court noted plaintiff's failure to make out a *prima facie* showing of jurisdiction despite access to evidence). The Court concludes that jurisdictional discovery would serve little purpose here. It would merely increase the cost of litigation for all parties. Therefore, Plaintiff's request for jurisdictional discovery is denied.

### III. MOTION TO DISMISS [31]

Next, the Court will consider the Motion to Dismiss [31] filed by Defendants Ability Reinsurance (Bermuda) Limited and Ability Reinsurance Holdings Limited (collectively, the "Bermuda Defendants"). Among other things, the Bermuda Defendants argue that the Court does not have personal jurisdiction over them.

### A.   *Personal Jurisdiction*

As previously discussed, "[a] federal court may exercise personal jurisdiction

over a nonresident defendant if (1) the forum state's long-arm statute confers personal jurisdiction over that defendant; and (2) the exercise of personal jurisdiction comports with the Due Process Clause of the Fourteenth Amendment." *McFadin*, 587 F.3d at 759. Mississippi's long-arm statute provides jurisdiction over foreign defendants who (1) make a contract with a Mississippi resident to be performed in whole or part in Mississippi, (2) commit a tort in whole or part in Mississippi, or (3) do business or perform work in Mississippi. MISS. CODE ANN. § 13-3-57. Once again, Plaintiff argues that personal jurisdiction over the Bermuda Defendants is appropriate under an alter-ego theory of liability, attributing Ability's alleged actions to them.

The Court already discussed Mississippi law about piercing the corporate veil. "[T]he corporate entity will not be disregarded . . . unless the complaining party can demonstrate: (1) some frustration of expectations regarding the party to whom he looked for performance; (2) the flagrant disregard of corporate formalities by the defendant corporation and its principals; and (3) a demonstration of fraud or other equivalent misfeasance on the part of the corporate shareholder." *Waltman*, 94 So. 3d at 1115.

With regard to the Bermuda Defendants, Plaintiff failed to satisfy the first factor: frustration of contractual expectations. The Mississippi Supreme Court has held that a plaintiff who wants to pierce the corporate veil must demonstrate that she had a reasonable expectation of contractual performance from the party behind the veil. *See Rosson*, 962 So. 2d at 1286; *Buchanan v. Ameristar Casino Vicksburg, Inc.*, 957 So. 2d 969, 980 (Miss. 2007). Plaintiff concedes that her insurance contract was with Ability,

10

and she has not alleged or provided any evidence indicating that she had a reasonable expectation that the Bermuda Defendants would satisfy Ability's contractual obligations. Therefore, piercing the corporate veil to reach the Bermuda Defendants would be inappropriate.

Plaintiff's jurisdictional arguments as to the Bermuda Defendants hinge on an alter-ego theory of liability. Plaintiff neither alleged nor provided evidence that the Bermuda Defendants entered into a contract with a Mississippi resident, committed a tort in whole or in part in Mississippi, or did business in Mississippi. Therefore, Mississippi's long-arm statute does apply to them, and this Court does not have jurisdiction over them.

### B.   *Jurisdictional Discovery*

Plaintiff argues that the Court should allow her to conduct jurisdictional discovery related to the Bermuda Defendants. The Court denies her request for the same reasons stated above.

### IV. CONCLUSION

For the reasons stated above, the Court **grants** the Motion to Dismiss [26] filed by Defendants Ability Insurance Company, Ability Resources, Inc., and Ability Resources Holdings, Inc. Plaintiff's claims against Ability Resources Holdings, Inc. are **dismissed without prejudice** pursuant to Rule 12(b)(2). Plaintiff's claims against Ability Resources, Inc. and Plaintiff's fraud claims against all Defendants are **dismissed without prejudice** pursuant to Rule 12(b)(6).

The Court also **grants** the Motion to Dismiss [31] filed by Defendants Ability

Reinsurance (Bermuda) Limited and Ability Reinsurance Holdings Limited. Plaintiff's claims against them are **dismissed without prejudice** pursuant to Rule 12(b)(2).

SO ORDERED AND ADJUDGED this 10th day of June, 2013.

> *s/ Keith Starrett*
> UNITED STATES DISTRICT JUDGE